IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| WALTER DEWITT LATHAM, | ) | |
| | ) | CASE NO. BK09-81802-TJM |
| Debtor(s). | ) | A09-8046-TJM |
| DANIEL & KATHLEEN KEINER, | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WALTER DEWITT LATHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiffs' motion for summary judgment (#18). No resistance was filed. Ronald A. Hunter represents the debtor-defendant, and Kathryn J. Derr represents the plaintiffs. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

Mr. and Mrs. Keiner, the plaintiffs, hold a default judgment of $33,323.92 against the debtor, Mr. Latham, entered during his 2006 bankruptcy case. The debt arose from a construction contract executed by the parties in 2004, in which Mr. Latham agreed to build a $610,000.00 home for the Keiners. The Keiners and their construction lender paid Mr. Latham $606,642.17 of that amount, but subcontractors filed construction liens of $35,784.50 against the property. The Keiners expended $33,073.92 to resolve those liens. Mr. Latham filed a Chapter 13 bankruptcy petition in 2006, and the Keiners filed an adversary proceeding objecting to discharge of their debt pursuant to 11 U.S.C. § 523(a)(4).[1] Mr. Latham did not respond to the complaint, so a default judgment was entered against him for the amount paid by the Keiners plus costs of $250.00. The judgment was only a money judgment; it did not except the debt from discharge.

Mr. Latham filed the current Chapter 7 bankruptcy case in July 2009, and the Keiners initiated another adversary proceeding to except the debt from discharge under § 523(a)(4). Mr. Latham answered the complaint and the parties filed a preliminary pretrial statement. Thereafter, the Keiners filed this motion for summary judgment, asserting that the default judgment is res

---

[1] The bankruptcy case, Case No. BK06-80833-TJM, was dismissed in August 2007 on the trustee's notice of payment default.

judicata in the present case and bars relitigation of any issues Mr. Latham could have raised in the first case.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The preclusive effect of a federal-court judgment is determined by federal common law. Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). The Eighth Circuit Court of Appeals' test for whether the doctrine of res judicata bars litigation of a claim requires an examination of whether (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002). If the entering court had personal and subject-matter jurisdiction over the prior litigation, and if the earlier judgment was not obtained through fraud or collusion, even a default judgment may satisfy the second element. Kapp v. Naturelle, Inc., 611 F.2d 703, 707 (8th Cir. 1979).

Here, the bankruptcy court had jurisdiction over the parties and the subject matter of the previous adversary proceeding. There is no indication in the record that fraud or collusion was used to acquire the judgment. A comparison of the complaints demonstrates that the parties and the cause of action are the same. Therefore, the debt represented by the money judgment is res judicata. However, the dischargeability of the debt is not. That remains to be determined in this adversary proceeding.

Both of the complaints against Mr. Latham lay out the Keiners' position that § 523(a)(4) precludes discharge of the debt based on Nebraska statutory law that protects subcontractors by requiring contractors to pay them from the proceeds of the construction financing and deeming the contractors to be agents of the borrowers. Neb. Rev. Stat. §§ 76-239.01, -239.02.[2]

---

[2]Those sections are as follows:

(continued...)

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. Jafarpour v. Shahrokhi (In re Shahrokhi), 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001); Int'l Fid. Ins. Co. v. Fox (In re Fox), 357 B.R. 770, 778 (Bankr. E.D. Ark. 2006).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 984 (8th Cir. 1997). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. See Hunter v. Philpott, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); Barclays Am./Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 878-79 (8th Cir. 1985) (for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

---

[2](...continued)
76-239.01. Construction finance; proceeds to apply payment of lawful claims for labor and material furnished; duty of contractor

Any person, firm or corporation lending money for the purpose of financing the construction of improvements on real property, to be secured by a mortgage filed of record, is hereby required, before the disbursement of any proceeds under such loan, to notify the borrower in writing, separate from any written application, mortgage note, or any other loan document between the lender and the borrower, that it is the responsibility of the borrower or the borrower's contractor, if disbursements are to be made to such contractor, to apply the loan proceeds to the payment of lawful claims for labor and material furnished for such improvements and that failure of the borrower or his contractor to pay all lawful claims for labor and material could result in the filing of construction liens against the property. It shall be the duty of the contractor to whom any such disbursement is made to make such application of the loan proceeds.

76-239.02. Contractor receiving loan disbursement; agent of borrower; exception

Any such contractor receiving such loan disbursements and any funds of the borrower in addition to such loan disbursements shall be deemed to have consented to comply with the requirements of section 76-239.01 as to the application of such proceeds, and shall be deemed to be the agent of the borrower for so much of such proceeds as are necessary for the payment of such lawful claims for labor and material; Provided, that the foregoing provisions shall not apply where the contractor and the borrower are one and the same person. Nothing herein contained shall be construed to require the contractor to keep such proceeds in a separate account or accounts or to prorate payment of such proceeds to such lawful claims for labor and materials.

The Keiners assert that §§ 76-239.01 and .02 create an express statutory or technical trust, and Mr. Latham's failure to pay the subcontractors is a defalcation of his fiduciary duty. However, there is caselaw in this district holding on similar facts that § 76-239.02 "merely creates an agency relationship and explicitly negates any implication of a trust by permitting the contractor to commingle funds" and declining to bring the debt within the bounds of the predecessor statute to § 523(a)(4). Kelsey v. Sexson (In re Sexson), BK78-O-1046 (Bankr. D. Neb. Dec. 26, 1979).[3] See also Devaney v. Dloogoff (In re Dloogoff), 600 F.2d 166 (8th Cir. 1979) (holding that § 17(a)(4)[4] requires technical trust relationships and "the trust relationship must exist before the incident creating the contested debt and apart from it. It is not enough that the trust relationship spring from the act from which the debt arose.").The Dloogoff case addressed whether Neb. Rev. Stat. § 52-123, which imposes criminal liability on contractors who fail to pay monies received to subcontractors who are owed payment, could provided the basis for a non-dischargeable debt under § 523(a)(4); the appellate court ruled that it could not because § 52-123 does not create an express trust, and § 17(a)(4) does not operate in the absence of an express trust. Id. at 170.

Because these issues are beyond the scope of the motion for summary judgment presently before the court, the Keiners have not established that they are entitled to judgment as a matter of law, and the motion will be denied.

IT IS ORDERED: The plaintiffs' motion for summary judgment (#18) is denied.

DATED:    March 30, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Kathryn J. Derr
    Ronald A. Hunter
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[3]The opinion is available on the court's Internet site, under Case Info/Nebraska Bankruptcy Opinions.

[4]Section 17(a)(4) is the Bankruptcy Act's version of § 523(a)(4) of the Bankruptcy Code.