IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| WALTER DEWITT LATHAM, | ) | |
| | ) | CASE NO. BK09-81802-TJM |
| Debtor(s). | ) | A09-8046-TJM |
| DANIEL & KATHLEEN KEINER, | ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WALTER DEWITT LATHAM, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the defendant's motion for summary judgment (#38) and opposition by the plaintiffs (Fil. #41). Ronald A. Hunter represents the debtor-defendant, and Kathryn J. Derr represents the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

Mr. and Mrs. Keiner, the plaintiffs, hold a default judgment of $33,323.92 against the debtor, Mr. Latham, entered during his 2006 bankruptcy case. The debt arose from a construction contract executed by the parties in 2004, in which Mr. Latham agreed to build a home for the Keiners. The Keiners and their construction lender paid Mr. Latham a large portion of the agreed-upon price, but some of the subcontractors on the job remained unpaid and filed construction liens against the property. The Keiners expended additional funds to resolve those liens. Mr. Latham filed a Chapter 13 bankruptcy petition in 2006, and the Keiners filed an adversary proceeding objecting to discharge of their debt pursuant to 11 U.S.C. § 523(a)(4).[1] Mr. Latham did not respond to the complaint, so a default judgment was entered against him for the amount paid by the Keiners plus costs of $250.00. The judgment was a money judgment only; it did not except the debt from discharge.

Mr. Latham filed the current Chapter 7 bankruptcy case in July 2009, and the Keiners initiated another adversary proceeding to except the debt from discharge under § 523(a)(4). Mr. Latham answered the complaint and the parties filed a preliminary pretrial statement. Thereafter,

---

[1] The bankruptcy case, Case No. BK06-80833-TJM, was dismissed in August 2007 on the trustee's notice of payment default.

the Keiners filed a motion for summary judgment, asserting that the 2007 judgment is res judicata in the present case and bars relitigation of any issues Mr. Latham could have raised in the first case. That motion was denied on the grounds that the judgment was not res judicata as to dischargeability, and the state statute upon which the Keiners relied did not create a fiduciary relationship between the parties, so the defalcation-by-a-fiduciary part of § 523(a)(4) did not apply. The debtor now moves for summary judgment, asserting that the findings made in the order on the Keiners' motion for summary judgment are sufficient to support a judgment in his favor discharging the debt.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are uncontroverted:

1. On or about August 13, 2004, Latham Construction, LLC, entered into a construction contract with Daniel Keiner and Kathleen Keiner, for the construction of a single-family residence to be located at Lot 69, Hawthorne Subdivision, 17497 Orchard Avenue, Omaha, Douglas County, Nebraska.

2. The total contractually agreed-upon price for construction of the residence was $610,088.00.

3. Latham Construction, LLC, was paid the total sum of $606,642.17 for construction of the residence.

4. Certain subcontractors for labor and materials used in the construction of the residence did not receive payment in full in an aggregate amount totaling $134,606.97.

5. Unpaid subcontractors for material and labor used in construction of the residence filed construction liens against the property totaling $35,784.50.

6. In order to resolve and pay the outstanding construction liens against the property, the Keiners paid, and incurred expenses totaling $33,073.92.

7. On June 16, 2006, Mr. Latham filed his voluntary petition for relief under Chapter 13 of

the United States Bankruptcy Code, in the United States Bankruptcy Court for the District of Nebraska. In re Latham, Case No. BK06-80833.

8. On February 27, 2007, the Keiners timely filed their adversary proceeding in the Latham Chapter 13 bankruptcy proceeding objecting to Mr. Latham's discharge pursuant to 11 U.S.C. § 523(a)(4). Keiner v. Latham, Adv. Proc. No. A07-8015.

9. On June 11, 2007, in the adversary proceeding, the United States Bankruptcy Court entered a judgment against Mr. Latham in favor of the Keiners in the amount of $33,323.92.

10. Mr. Latham filed his voluntary Chapter 7 petition in this case on July 9, 2009.

11. The Keiners timely filed this instant adversary proceeding seeking to have the judgment against Mr. Latham in the amount of $33,323.92 held non-dischargeable pursuant to § 523(a)(4).

In its order of March 30, 2010 (Fil. #23) on the Keiners' motion for summary judgment, the court found that the amount of the 2007 judgment was res judicata but its dischargeability remained at issue. The court addressed only the fiduciary defalcation portion of § 523(a)(4) in ruling that the Nebraska statutes regarding a contractor's duty to pay subcontractors did not establish the fiduciary relationship necessary to apply that section of § 523(a)(4). Relying on the court's statements that the Keiners had not established the elements to except the debt from discharge, the debtor now moves for summary judgment in his favor. In response, the Keiners direct the court's attention to the remaining aspects of § 523(a)(4) – embezzlement and larceny – and argue that the facts support a finding of embezzlement. The Keiners further assert that the debtor is barred by res judicata from relitigating any issues that were or could have been raised prior to the entry of the 2007 judgment.

The preclusive effect of a federal-court judgment is determined by federal common law. Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). The Eighth Circuit Court of Appeals' test for whether the doctrine of res judicata bars litigation of a claim requires an examination of whether (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002). If the entering court had personal and subject-matter jurisdiction over the prior litigation, and if the earlier judgment was not obtained through fraud or collusion, even a default judgment may satisfy the second element. Kapp v. Naturelle, Inc., 611 F.2d 703, 707 (8th Cir. 1979). There is no dispute as to any of these factors. However, the 2007 judgment cannot be considered res judicata as to dischargeability because it does not incorporate the allegations of the complaint or otherwise give any indication that it was intended to except the debt from discharge. By its terms, it is simply a money judgment. Therefore, the debtor will be permitted to raise any defenses he may have regarding dischargeability.

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. "Embezzlement" is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. Belfry v. Cardozo (In re Belfry), 862 F.2d 661,

662 (8th Cir. 1988). The plaintiff must establish that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used. Id. To show embezzlement, the creditor has to prove that it entrusted its property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. Bankers Trust Co. v. Hoover (In re Hoover), 301 B.R. 38, 52 (Bankr. S.D. Iowa 2003). Implicit in a claim of embezzlement is a degree of fraudulent intent. Chapman v. Fuget (In re Fuget), 339 B.R. 702, 707 (Bankr. S.D. Iowa 2006).

The Keiners assert that the debtor must have used some of their construction funds for purposes other than construction expenses related to their residence, leaving subcontractors unpaid in violation of Nebraska statutory law that protects subcontractors by requiring contractors to pay them from the proceeds of the construction financing and deeming the contractors to be agents of the borrowers. Neb. Rev. Stat. §§ 76-239.01, -239.02.[2] These assertions raise genuine issues of material fact and are sufficient to survive summary judgment and permit the parties to go forward at trial.

---

[2]Those sections are as follows:

76-239.01. Construction finance; proceeds to apply payment of lawful claims for labor and material furnished; duty of contractor
   Any person, firm or corporation lending money for the purpose of financing the construction of improvements on real property, to be secured by a mortgage filed of record, is hereby required, before the disbursement of any proceeds under such loan, to notify the borrower in writing, separate from any written application, mortgage note, or any other loan document between the lender and the borrower, that it is the responsibility of the borrower or the borrower's contractor, if disbursements are to be made to such contractor, to apply the loan proceeds to the payment of lawful claims for labor and material furnished for such improvements and that failure of the borrower or his contractor to pay all lawful claims for labor and material could result in the filing of construction liens against the property. It shall be the duty of the contractor to whom any such disbursement is made to make such application of the loan proceeds.

76-239.02. Contractor receiving loan disbursement; agent of borrower; exception
   Any such contractor receiving such loan disbursements and any funds of the borrower in addition to such loan disbursements shall be deemed to have consented to comply with the requirements of section 76-239.01 as to the application of such proceeds, and shall be deemed to be the agent of the borrower for so much of such proceeds as are necessary for the payment of such lawful claims for labor and material; Provided, that the foregoing provisions shall not apply where the contractor and the borrower are one and the same person. Nothing herein contained shall be construed to require the contractor to keep such proceeds in a separate account or accounts or to prorate payment of such proceeds to such lawful claims for labor and materials.

IT IS ORDERED: The defendant's motion for summary judgment (#38) is denied.

DATED: June 11, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
 Kathryn J. Derr
 *Ronald A. Hunter
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.